IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUFINO COLON-PEREZ
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-1408CCC
(Related Cr. 10-0412-16CCC)

**OPINION AND ORDER**

Before the Court are a Motion filed under 28 U.S.C. § 2255 by petitioner Rufino Colón Pérez (**d.e. 1**) and the government's opposition (d.e. 7). For the reasons discussed below, said petition is hereby DENIED.

**I. BACKGROUND**

Petitioner Colón Pérez was charged together with thirty-three other defendants in Counts 1 and 4 of a five-count indictment in Criminal 10-412(CCC).

Count One (1) charged that:

> From in or about the year 2000, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [16] Rufino Colon Perez, a/k/a "Pipino," and thirty-three other co-defendants, the defendants herein, did knowingly and intentionally combine, conspire, and agree with each other and with diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute in excess of five (5) kilograms of a mixture or substance containing detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, § 846.

(d.e. 3, pages 1-5 in Cr. 10-412(CCC)).

CIVIL 16-1408CCC             2
(Related Cr. 10-0412-16CCC)

The object of the conspiracy was to distribute cocaine in southern Puerto Rico, including but not limited to, the Municipalities of Ponce, Juana Díaz, Villalba and Yauco, all for significant financial gain and profit (d.e. 3, at page 5).

Count Four (4) charged that:

> From in or about the year 2000, continuing to and until the return of the instant Indictment, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [16] Rufino Colón Pérez, a.k.a. "Pipino," along with thirty-three additional co-defendants, the defendants herein, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance.  All in violation of Title 21, <u>United States Code</u>, § 841(a)(1) and Title 18, <u>United States Code</u>, § 2.

(d.e. 3, pages 18-20 in Cr. 10-412(CCC)).

On May 29, 2012, petitioner, represented by court-appointed counsel, filed a Motion for Change of Plea (d.e. 725 in Cr. 10-412(CCC)).

Pursuant to a Plea Agreement with the government, petitioner plead guilty to Count One of the indictment. On June 29, 2012, Colón Pérez's Change of Plea Hearing was held (d.e. 766 and d.e. 767 in Cr. 10-412(CCC)). On September 10, 2012, a Pre-Sentence Report was disclosed and on September 27, 2012, petitioner filed a Sentencing Memorandum in which he referred to his health and drug and alcohol abuse, to be considered as mitigating factors at sentencing (d.e. 903 in Cr. 10-412(CCC)).

His October 9, 2012 sentencing was not held since the Government informed that he had not met the safety valve provisions.  Defense counsel then requested that petitioner be debriefed once more since he remembered some information he had not disclosed or, in the alternative, that he be mentally evaluated.  The Court instructed the Government to file in sealed form

the 302 and email from the case agent stating the reasons why petitioner did not meet the safety valve provisions. Petitioner was given time to respond to the Government's motion (d.e. 923 in Cr. 10-412(CCC)). On October 16, 2012, the United States provided, under seal, the reasons for petitioner not meeting the safety valve provisions (d.e. 925 in Cr. 10-412(CCC)).

On January 31, 2013, the Court entered a Sealed Order on the safety valve issue. The Court essentially accepted the Government's claim on petitioner's untruthfulness. Further debriefing was committed to its discretion (d.e. 1041 in Cr. 10-412(CCC)). On February 13, 2013, the Government filed a motion informing that it would not conduct any further safety valve debriefings of Colón Pérez (d.e. 1051 in Cr. 10-412(CCC)).

The sentencing hearing was held on March 7, 2013. After hearing the parties, petitioner was sentenced on Count One of the indictment to a term of imprisonment of one hundred and twenty (120) months, a term of supervised release of five (5) years and a special monetary assessment of one hundred dollars ($100.00). Count Four of the indictment was dismissed (d.e. 1090 in Cr. 10-412(CCC)). Judgment was entered on March 8, 2013 (d.e. 1092 in Cr. 10-412(CCC)).

Colón Pérez filed a timely Notice of Appeal on March 21, 2013 (d.e. 1121 in Cr. 10-412(CCC)). On September 22, 2014, his counsel filed a brief pursuant to <u>Andres v. California</u>, 386 U.S. 739 (1967) and informed the First Circuit that "he could not identify any non-frivolous issues on appeal" (2014 WL 7232346 (C.A.1). Shortly thereafter Colón Pérez filed several *pro se* arguments to be considered by the Appeals Court. On June 2, 2015, the First

CIVIL 16-1408CCC                    4
(Related Cr. 10-0412-16CCC)

Circuit entered its Judgment agreeing with defense counsel's assessment that no non-frivolous grounds for appeal existed in this case and summarily affirmed the District Court's Judgment (d.e. 1647 in Cr. 10-412(CCC)).

On June 30, 2015, Colón Pérez filed a Motion to Reduce Sentence Pursuant to Amendment 782 (d.e. 1651 in Cr. 10-412(CCC)). The U.S. Magistrate-Judge issued a Report and Recommendation on July 18, 2015 stating that petitioner was not eligible for the reduction in sentence as established in Amendment 782[1] (d.e. 1653 in Cr. 10-412(CCC)).

On November 11, 2015, he filed a *pro se* Motion to Reduce Sentence from the one hundred and twenty (120) months to sixty (60) months of incarceration[2] (d.e. 1663, page 2 in Cr. 10-412(CCC)). The Court adopted the Magistrate-Judge's Report and Recommendation as to sentencing reduction on November 12, 2015 and denied it (d.e. 1664 in Cr. 10-412(CCC)).

On March 8, 2016, Colón Pérez filed a timely Motion to Vacate Sentence under 28, United States Code, § 2255 (d.e. 1). The Court's analysis and disposition follows.

**II.   ANALYSIS**

Colón Pérez raised the following allegations of ineffective assistance of counsel in his Section 2255 Petition:

(1)   Failure to allege that the indictment did not charge an offense;

---

[1] The Magistrate-Judge found that Colón Pérez was not eligible because petitioner was sentenced to the statutory mandatory minimum imprisonment term and did not comply with the safety valve provision (d.e. 1653, page 2 in Cr. 10-412 (CCC)).

[2] Petitioner based his request for sentence reduction on the grounds that he was a first time offender of a non violent crime, a model prisoner and ailing health (d.e. 1663 in Cr. 10-412(CCC)).

    (2)    Advising petitioner to plead guilty;

    (3)    Failure to argue at sentencing for a downward departure due to health conditions; and

    (4)    Failure to argue these three issues on appeal and filing an <u>Anders</u> brief.

**A.    28 U.S.C. § 2255 standards and exhaustion requirements**.

Title 28 U.S.C. § 2255 allows a federal prisoner to move to vacate, set aside, or correct a sentence if one of the following are present: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

A court may dismiss a Section 2255 Motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." It is well settled that a Section 2255 Motion is not a substitute for an appeal. Defendant must first raise his claims on direct appeal before bringing the claims in a Section 2255 Motion. <u>United States v. Essig</u>, 10 F.3d 968 (3rd Cir. 1993). If a defendant fails to preserve his claim on direct appeal, a court may not consider the claim in a subsequent Section 2255 Motion unless the defendant can establish "cause and prejudice." <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". <u>Murray</u> v. <u>Carrier</u>, 477 U.S. 478, 496 (1986). The exception to the exhaustion requirement is ineffective assistance of counsel which may be raised for the first time in a Section 2255 Motion.

### B. Claim of ineffective assistance of counsel.

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996); Darden v. Wainwright, 477 U.S. 168 (1986); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" to have his sentence vacated premised on an ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Under the Strickland standard, "a lawyer's performance is deficient, only where given facts known at the time show counsel's choice was so patently unreasonable that no competent attorney would have made it." United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012), quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010), which in turn quotes Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006). To successfully satisfy the first prong of the Strickland test, petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tejada v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (quoting Strickland, 466 U.S. at 690). That is, he must

overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland at 689). A court shall review counsel's actions deferentially and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 689). The second prong of the Strickland test, the element of prejudice, also sets a high bar. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 691). Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Strickland, 466 U.S. at 687). This means that if petitioner is successful in showing deficiencies in counsel's representation, he must then conclusively establish that those deficiencies led to a real prejudice against him in the criminal proceedings. Id. at 694.

Colón Pérez has failed to meet the first prong of Strickland requirement as to all of his claims.

**C.    Issues raised on appeal.**

It is settled that "issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255." Murchu v. United States, 926 F.2d 50, 54 (1st Cir. 1991) (citing Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)). See also Santiago v. United States, 889 F.2d 371, 377

(1st Cir. 1989); <u>Tracey v. United States</u>, 739 F.2d 679, 682 (1st Cir. 1984), <u>cert. denied</u>, 469 U.S. 1109 (1985), <u>Berthoff v. United States</u>, 308 F.3d 124 (1st Cir. 2002).

Petitioner's appellate counsel filed an <u>Anders</u> brief informing the Appeals Court that after reviewing the record and conducting proper research he found no non-frivolous issues to be raised on appeal. <u>Anders v. California</u>, 386 U.S. 738 (1967), Appellant's brief, 2014 WL 7232346 (C.A. 1, September 22, 2014). Counsel informed the Court that, at best, the voluntariness of the plea could be reviewed. Shortly after Colón Pérez's appellate counsel filed the <u>Anders</u> brief, petitioner filed his own *pro se* brief in which he raised several arguments. He claimed that there was an insufficient factual basis for his plea of guilty, that the indictment was flawed, and that he did not have the cognitive ability to understand the process that took place at his change of plea hearing (d.e. 1674 in Cr. 10-412(CCC)). The following issues were presented to and decided by the First Circuit:

(1) Counsel's failure to allege that the indictment did not charge an offense;

(2) Counsel's ill advice to petitioner to plead guilty; and

(3) Voluntariness of Colón Pérez's guilty plea.

In <u>United States v. Colon-Perez</u>, App. No. 13-1452 (June 2, 2015), the First Circuit Court stated:

> After careful review of defense counsel's brief, appellant's pro se submission, and an independent review of the record including the complete transcript of the change-of-plea hearing, we agree with defense counsel's assessment that no non-frivolous grounds for appeal exist in this case. We discern no prejudicial errors or irregularities in the plea colloquy or sentencing hearing. Appellant

>received the sentence which the parties agreed to recommend in the plea agreement.
>
>Appellant's unpreserved claim that the court should have inquired further as to his cognitive ability to understand his plea proceedings is unconvincing in light of the representations appellant made at his plea colloquy in response to inquiries about his mental state, his understanding of the plea agreement and plea proceedings, and his ability and desire to enter a plea . . .

Colón Pérez is not entitled on collateral review to any of the issues raised on direct appeal, absent an intervening change in law. Davis v. United States, 417 U.S. 333, 342 (1974).

### D. Ineffective assistance of counsel for failing to object to the alleged defect in the indictment.

Petitioner claims that his trial counsel was ineffective in failing to identify the defect in the indictment; i.e., that it failed to charge a crime against him; and, therefore, he was also ineffective by advising him to plead guilty. This allegation is raised in a perfunctory manner, without any development or reference to the record that might sustain it. A litigant has an obligation "to spell out its arguments squarely and distinctly', or else forever hold its peace." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988; Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988)). It has been established that "issues adverted to in a perfunctory manner, . . . unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 327 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Rodriguez v. Martinez, 935 F. Supp. 2d 389, 408 (D.P.R. 2013); Berroa

Santana v. United States, 939 F. Supp. 2d at 121; Espinal-Gutierrez v. United States, 887 F. Supp. 2d 361, 378 (D.P.R. 2012).

For these reasons, the allegations of ineffective assistance of counsel for failure to object to the defect in the indictment and for advising petitioner to plead guilty knowing such defect existed is DENIED.

### E. Ineffective assistance of counsel for failure to request a downward departure at sentencing due to health conditions.

Colón Pérez claims that counsel was ineffective for failure to seek a downward departure based on his deteriorated mental and physical health. His arguments are once again raised without reference to the case record. A review of the record contradicts this claim. Prior to Colón Pérez's sentencing his counsel filed a Sentencing Memorandum (d.e. 903 in Cr. 10-412(CCC)) in which he outlined petitioner's various medical conditions and requested that the Court consider them upon imposing sentence. The Plea Agreement contains the following:

> SENTENCE RECOMMENDATION: The parties agree to recommend that the defendant be sentenced to one hundred and twenty (120) months of imprisonment or the lower end of the applicable guideline range.
>
> NO FURTHER ADJUSTMENTS OR DEPARTURES: The United States and the defendant agree that no further adjustment or departures shall be sought by the parties. (d.e. 767, page 4 in Cr. 10-412(CCC)).

The agreement that no further adjustments would be sought was acknowledged and understood by petitioner at his change of plea hearing:

> THE COURT: At this point I would like the Government to please explain the essential terms of the Plea Agreement particularly any stipulations under the Sentencing Guidelines, and any sentencing recommendations.

> MR. MARTIN: Yes, Your Honor. The Parties agree that the Defendant will plea guilty to count one of the Indictment, and the Parties agree to a Sentencing Guideline Base Offense Level of thirty-two for, at least, five kilograms but less than fifteen kilograms of cocaine.
>
> The Parties further agree that there should be a minus three point adjustment for acceptance of responsibility, leaving a Total Offense Level of twenty-nine. And, the parties agree to recommend a sentence of one hundred and twenty months, **and that there should be no further adjustment or departures**. And the Government will, at sentencing, request the dismissal of the remaining counts. And the Defendant agrees to waive his right to appeal.
>
> THE COURT: Okay, thank you. Counsel, has the Government accurately described the essential terms of the agreement you negotiated?
>
> MS. CORTES: Yes.
>
> THE COURT: Mr. Colon, has the Government accurately described the sentencing recommendations you have agree to?
>
> DEFENDANT: Yes.

(Change of Plea Tr., d.e. 1508 at pp. 9-10). (Emphasis ours.)

Colón Pérez was aware that he could not seek further departures at sentencing.[3] Counsel cannot be deemed to be ineffective for not seeking something on behalf of defendant that would constitute a breach of the plea agreement.

As part of his claim of ineffective assistance of counsel for failure to request a downward departure, Colón Pérez also claims that he failed to have his sentenced reduced. The record contradicts this assertion. As previously stated, petitioner was debriefed for safety valve purposes and was found to be

---

[3] Colón Pérez at the Change of Plea Hearing, stated under oath, that he not only understood the Plea Agreement and what it stated but that his counsel had translated the entire document to the Spanish language and explained it to him (d.e. 1508, p. 7 in Cr. 10-412(CCC)).

untruthful (d.e. 925 in Cr. 10-412(CCC)). At the original sentencing hearing, his counsel requested its continuance so that the government would consider giving him a second chance at the safety valve debriefing (d.e. 1219 in Cr. 10-412(CCC)). The Court agreed to the postponement. Id. However, prior to the new sentencing hearing date, the government informed that it had found petitioner untruthful and would not proceed with any additional safety valve debriefing (d.e. 1051 in Cr. 10-412(CCC)). Petitioner cannot blame his attorney because the government determined in its sole discretion that he had been untruthful at the initial debriefing and refused to debrief him again for safety valve purposes.

The record contradicts petitioner's claim of ineffective assistance of counsel as to downward departure and safety valve; therefore, the same is DENIED.

F. **Ineffective assistance of appellate counsel for failure to argue these three issues on appeal and filing an <u>Anders</u> brief**.

Claims of ineffective assistance of **appellate** counsel are measured under the Strickland standard. Evitts v. Lucey, 469 U.S. 387 (1985). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259 at page 288 (2000). A petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Colón Pérez has not made such a showing.

CIVIL 16-1408CCC 13
(Related Cr. 10-0412-16CCC)

Petitioner has the same constitutional right to effective assistance of counsel at the appellate level as he has at trial. Evitts v. Lucey, 469 U.S. 387, 399 (1985). Where a defendant's appellate counsel presented, briefed, and argued, albeit unsuccessfully, one or more non-frivolous grounds for relief on appeal, appellant is neither actually nor constructively denied assistance of counsel on direct appeal. Vega-Colon v. United States, 463 F. Supp. 2d 146, 156 (D.P.R. 2006) (citing Moss v. Collins, 963 F.2d 44, 48 (5th Cir. 1992)). A defendant must satisfy both prongs of the Strickland test in connection with his claims of ineffective assistance by appellate counsel. Id.

The duty of appellate counsel is to "support his client's appeal to the best of his ability." Anders v. California, 386 U.S. 738 at 744 (1967). Counsel must either proceed with the appeal or, if he believes the appeal is frivolous, submit a brief "referring to anything that might arguably support the appeal." Id. In this case, appellate counsel filed an Anders brief and petitioner filed a separate *pro se* brief. As required by Anders, the Appeals Court conducted a full examination of the proceedings, including the guilty plea and sentencing and concluded that there were no non-frivolous issues on appeal. Colón Pérez's final claim of ineffective assistance of counsel is DENIED.

For the reasons stated, petitioner's federal habeas relief is DENIED and his request for an evidentiary hearing is also DENIED.

## III.    CERTIFICATE OF APPEALABILITY

For the reasons previously stated, the Court hereby denies petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that petitioner files a

CIVIL 16-1408CCC 14
(Related Cr. 10-0412-16CCC)

notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on September 20, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge